UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN WILLIAM CASSADAY,

        Plaintiff,

v.

DONALD J. TRUMP et al.,

        Defendants.
_____/

Case No. 1:22-cv-682

Honorable Jane M. Beckering

## **OPINION**

This is an action brought by a pretrial detainee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous and for failure to state a claim.

### **Discussion**

**I.**    **Factual allegations**

Plaintiff is presently detained at the Newaygo County Jail pending trial. Plaintiff sues former president Donald J. Trump, former United States Attorney General William Barr, political consultant Roger Stone, and former White House political strategist Steve Bannon. Plaintiff alleges that Defendant Trump violated a number of federal criminal statutory provisions: 18 U.S.C.

§§ 598, 2331,[1] 2381, 2382, 2383, 2384, and 2385. Plaintiff makes no allegations regarding Defendants Barr, Stone, or Bannon. Plaintiff does not request any particular relief.

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

---

[1] 18 U.S.C. § 2331 does not define any crime; it defines terms used in Code Chapter 113B regarding terrorism. It appears that Plaintiff contends that Defendant Trump has committed domestic terrorism based on the statutory definition.

### A.     Defendants Barr, Stone, and Bannon

Other than listing Defendants Barr, Stone, and Bannon in the body of the complaint, Plaintiff makes no allegations against them. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Because Plaintiff fails to make any allegations against Defendants Barr, Stone, and Bannon, his complaint against them falls far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's allegations fail to state a claim against Defendants Barr, Stone, and Bannon

upon which relief can be granted. Moreover, "[a] case is frivolous if it lacks an arguable basis either in law or fact." *Dellis v. Corr. Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)). Plaintiff's claims against Defendants Barr, Stone, and Bannon lack an arguable basis in law and fact; therefore, the Court concludes that they are frivolous.

### B. Defendant Trump

Plaintiff alleges that Defendant Trump violated several federal criminal statutes. Those allegations also fail to state a claim.

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979). "[W]hether a statute creates a private cause of action, either expressly or by implication, is basically a matter of statutory construction." *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 15 (1979). The "appropriate inquiry" is "whether Congress intended to create the private remedy asserted . . . ." *Id*. at 16–17.

The statutes cited by Plaintiff do not expressly create a private remedy.[2] They are federal criminal statutes that provide a penal remedy only. Of course, "[e]very criminal statute is designed to protect some individual, public, or social interest." *Cort v. Ash*, 422 U.S. 66, 79 (1975) (internal quotation marks omitted). To imply a private right of action on that ground would be "to conclude that Congress intended to enact a civil code companion to the criminal code." *Id*. (internal quotation marks omitted). The statutory provisions cited by Plaintiff are "nothing more

---

[2] The statutes upon which Plaintiff relies stand in stark contrast to others that expressly permit a private right of action. For example, 18 U.S.C. § 2333 provides a civil remedy to United States nationals injured by reason of an act of international terrorism.

than . . . bare criminal statute[s], with absolutely no indication that civil enforcement of any kind was available to anyone." *Id*. at 79–80.

But even "a bare criminal statute" might be "sufficiently protective of some group so as to give rise to a private cause of action by a member of that group." *Id*. at 80. The statutes at issue in Plaintiff's complaint, however, are not so limited:

- 18 U.S.C. § 598 provides that "[w]hoever uses any part of any appropriation made by Congress for work relief, relief, or for increasing employment by providing loans and grants for public-works projects, or exercises or administers any authority conferred by any Appropriation Act for the purpose of interfering with, restraining, or coercing any individual in the exercise of his right to vote at any election, shall be fined under this title or imprisoned not more than one year, or both."

- 18 U.S.C. § 2381 provides that "[w]hoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be incapable of holding any office under the United States."

- 18 U.S.C. § 2382 provides that "[w]hoever, owing allegiance to the United States and having knowledge of the commission of any treason against them, conceals and does not, as soon as may be, disclose and make known the same to the President or to some judge of the United States, or to the governor or to some judge or justice of a particular State, is guilty of misprision of treason and shall be fined under this title or imprisoned not more than seven years, or both."

- 18 U.S.C. § 2383 provides that "[w]hoever incites, sets on foot, assists, or engages in any rebellion or insurrection against the authority of the United States or the laws thereof, or gives aid or comfort thereto, shall be fined under this title or imprisoned not more than ten years, or both; and shall be incapable of holding any office under the United States."

- 18 U.S.C. § 2384 provides that "[i]f two or more persons in any State or Territory, or in any place subject to the jurisdiction of the United States, conspire to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, or to oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof, they shall each be fined under this title or imprisoned not more than twenty years, or both."

- 18 U.S.C. § 2385 provides that "[w]hoever knowingly or willfully advocates, abets, advises, or teaches the duty, necessity, desirability, or propriety of overthrowing or destroying the government of the United States or the government of any State, Territory, District or Possession thereof, or the government of any political

5

> subdivision therein, by force or violence, or by the assassination of any officer of any such government; or
>
> [w]hoever, with intent to cause the overthrow or destruction of any such government, prints, publishes, edits, issues, circulates, sells, distributes, or publicly displays any written or printed matter advocating, advising, or teaching the duty, necessity, desirability, or propriety of overthrowing or destroying any government in the United States by force or violence, or attempts to do so; or
>
> [w]hoever organizes or helps or attempts to organize any society, group, or assembly of persons who teach, advocate, or encourage the overthrow or destruction of any such government by force or violence; or becomes or is a member of, or affiliates with, any such society, group, or assembly of persons, knowing the purposes thereof—
>
> [s]hall be fined under this title or imprisoned not more than twenty years, or both, and shall be ineligible for employment by the United States or any department or agency thereof, for the five years next following his conviction."

The types of offenses Plaintiff claims that Defendant Trump has committed are "political offenses . . . '[s]uch laws exist solely because the very political entity, the state, has criminalized such conduct for its self-preservation' . . . [s]uch crimes are perpetrated directly against the state and do not intend to cause private injury." *Ordinola v. Hackman*, 478 F.3d 588, 596 (4th Cir. 2007); *see also Quinn v. Robinson*, 783 F.2d 776, 793–94 (9th Cir. 1986) ("These offenses, which include treason, sedition, and espionage, . . . do not violate the private rights of individuals . . . ."). Perhaps for that reason, the federal courts in this circuit have routinely concluded that Congress did not intend to create a private cause of action for violation of these statutes. *See, e.g.*, *Okoro v. Krueger*, No. 05-70269, 2007 WL 3333476, at *11 n.7 (E.D. Mich. Sept. 21, 2007); *El v. Laframboise*, No. 1:19-cv-1030, 2019 WL 8806196 (W.D. Mich. Dec. 17, 2019); *Bey v. Smith*, No. 1:21 CV 1928, 2022 WL 181155 (N.D. Ohio Jan. 20, 2022); *Warner v. Amazon.com Servs., LLC*, No. 1:21-cv-1885, 2022 WL 2342658, at *4 (N.D. Ohio, June 29, 2022); *Cooksey v. McElroy*, No. 1:07cv581, 2008 WL 4367593 (S.D. Ohio Sept. 24, 2008); *Lawrence v. Strode*, No. 1:14CV-P79-R, 2014 WL 4981154 (W.D. Ky. Oct. 6, 2014).

Moreover, Plaintiff cannot compel the criminal prosecution of Defendant Trump, nor does he have the authority to initiate a federal criminal prosecution of Defendant Trump for the alleged unlawful acts. *See, e.g.*, *Diamond v. Charles*, 476 U.S. 54, 64 (1986 ) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) ("Hamilton cannot compel the criminal prosecution of the defendants. As a private citizen, Hamilton has no authority to initiate federal criminal prosecution of the defendants for their alleged unlawful acts.").

For all of these reasons, Plaintiff has failed to state a claim upon which relief can be granted. Moreover, because Plaintiff's allegations against Defendant Trump lack an arguable basis in law, the Court concludes that they are frivolous.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   August 3, 2022                                    /s/ Jane M. Beckering
                                                           Jane M. Beckering
                                                           United States District Judge